UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In re* )<br>)<br>ENGAGE, INC., *et al.*,[1] )<br>)<br>Debtors. )<br>)<br>)<br>)<br>ROPES & GRAY LLP )<br>)<br>Appellant, )<br>)<br>v. )<br>)<br>CRAIG R. JALBERT, LIQUIDATING )<br>SUPERVISOR OF ENGAGE, INC., *et al.*, )<br>)<br>Appellee. ) | Chapter 11<br>Case Nos. 03-43655-JBR, *et al.*<br><br><br><br><br>Case No. 04-40225-DPW |

**COUNTER-STATEMENT OF THE LIQUIDATING SUPERVISOR
OF ISSUES THAT MAY BE PRESENTED ON APPEAL AND
STATEMENT THAT APPEAL IS NOT AS OF RIGHT**

Craig R. Jalbert, the Liquidating Supervisor (the "Liquidating Supervisor") of the Debtors, pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, hereby submits this counter-statement of issues that may be presented on appeal from the Bankruptcy Court's October 8, 2004 Order sustaining the objection of the Liquidating Supervisor to the secured claim of Ropes & Gray LLP ("R&G") (the "October 8 Order") [Bankruptcy Court Docket No. 594], as well as a statement that the October 8 Order was not a final order from which R&G may appeal as of right.

---

[1] The Debtors are the following entities: Engage, Inc., Media Bridge Technologies, Inc., AdSmart Corp., Flycast Communications Corp., Acknowledge, Inc., and Internet Profiles Corp.

Assuming that the District Court chooses to hear R&G's appeal, only the following two issues may be presented by the October 8 Order:

1. Under Massachusetts choice of law principles, does the Virginia attorney's lien statute govern this dispute?

2. If the Massachusetts attorney's lien statute governs this dispute, does it apply to patent prosecution work?

The Bankruptcy Court did not decide the third and fourth questions which R&G seeks to present concerning the alleged "extinguish[ing]" of an attorney's lien as a result of a bankruptcy or non-bankruptcy sale. *See* Answer Of The Liquidating Supervisor To The "Protective Motion Of Ropes & Gray LLP Under 28 U.S.C. § 158(a)(3) And Bankruptcy Rule 8003 For Leave to File Interlocutory Appeal" (the "Liquidating Supervisor Answer") at ¶ 18 [Bankruptcy Court Docket No. 626; copy attached hereto at Exhibit A]; October 8 Order at p. 9. The District Court should not address these two novel issues in the first instance on appeal.

In addition, although the Liquidating Supervisor believes that this Court should exercise its discretion to hear an appeal of the two questions actually presented by the October 8 Order, that Order should not be treated as a final order which can be appealed as of right under 28 U.S.C. § 158(a). *See* Liquidating Supervisor Answer at ¶¶ 10-15.[2]

---

[2] On October 18, 2004, R&G filed its "Protective Motion Of Ropes & Gray LLP Under 28 U.S.C. § 158(a)(3) And Bankruptcy Rule 8003 For Leave to File Interlocutory Appeal" (the "Protective Motion") in the Bankruptcy Court; on October 28, 2004, the Liquidating Supervisor filed the Liquidating Supervisor Answer in the Bankruptcy Court in response to R&G's Notice of Appeal and the Protective Motion. To date, neither the Protective Motion nor the Liquidating Supervisor Answer have been entered on the District Court's PACER docket, although the Notice of Appeal has been docketed and assigned Case Number 04-40225. Accordingly, the Liquidating Supervisor is simultaneously filing the instant document in both the Bankruptcy Court and the District Court. The Liquidating Supervisor reserves all of his rights to file a motion to dismiss R&G's Notice of Appeal.

FHBOSTON/1129051.1

Respectfully submitted,

CRAIG R. JALBERT, LIQUIDATING
SUPERVISOR OF ENGAGE, INC., *et al.*,

By his attorneys,

  /s/  Richard W. Benka
Andrew Z. Schwartz (BBO #544653)
Richard W. Benka (BBO # 37320)
Euripides D. Dalmanieras (BBO #650985)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel.:  (617) 832-1000
Fax:  (617) 832-7000
*bctnotices@foleyhoag.com*

Dated: November 8, 2004

FHBOSTON/1129051.1

- 3 -

**EXHIBIT A**

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____
                                        )  Chapter 11
*In re*                                 )  Case Nos. 03-43655-JBR through
                                        )  03-43657-JBR, 03-43659-JBR
ENGAGE, INC., *et al.*,[1]              )  03-43661-JBR and 03-43662-JBR
                                        )  (Jointly Administered)
        Debtors.                        )  (Substantively Consolidated)
_____)


**ANSWER OF THE LIQUIDATING SUPERVISOR TO THE "PROTECTIVE MOTION OF ROPES & GRAY LLP UNDER 28 U.S.C. § 158(a)(3) AND BANKRUPTCY RULE 8003 FOR LEAVE TO FILE INTERLOCUTORY APPEAL"**

Craig R. Jalbert, the Liquidating Supervisor (the "Liquidating Supervisor") of and on behalf of Engage, Inc. ("Engage"), five of its wholly-owned domestic subsidiaries, and their administratively and substantively consolidated estates (collectively, the "Debtors"), hereby submits, pursuant to Rule 8003(a) of the Federal Rules of Bankruptcy Procedure, this Answer to the "Protective Motion of Ropes & Gray LLP Under 28 U.S.C. § 158 (a)(3) and Bankruptcy Rule 8003 for Leave to File Interlocutory Appeal." The order which Ropes & Gray LLP ("R&G") seeks to appeal is not a final order appealable as of right, but the Liquidating Supervisor does not object to the district court exercising its discretion to permit an interlocutory appeal regarding some but not all of the issues raised by R&G.[2]

FACTS

1.      On June 19, 2003 (the "Petition Date"), the Debtors filed their petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the

---

[1] The Debtors are the following entities: Engage, Inc., Media Bridge Technologies, Inc., Ad Smart Corp., Fly-cast Communications Corp., Acknowledge, Inc., and Internet Profiles Corp.

[2] The Liquidating Supervisor reserves all of his rights to file a motion to dismiss R&G's notice of appeal.

FHBOSTON/1122551.4

"Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court").

2. On or about August 4, 2003, following an auction and sale conducted by the Bankruptcy Court pursuant to Section 363 of the Bankruptcy Code, 11 U.S.C. § 363, JDA Software Group, Inc. purchased substantially all of the Debtors' assets, including certain of the patents and patent applications upon which R&G has asserted an attorney's lien, and assumed certain of the Debtors' liabilities (the "Section 363 Sale").

3. On September 15, 2003, R&G filed a proof of claim in the aggregate amount of $160,874.91 "plus costs of collection" for allegedly unpaid pre-petition patent and licensing work rendered from in or around October 2001 through May 2003. More specifically, R&G asserted that it held attorney's liens under Mass. Gen. Laws ch. 221, § 50 in the amounts of (a) $45,198.29 against the proceeds from the sale of certain patents and patent applications sold during the Section 363 Sale, and (b) $63,538.82 against the proceeds from a pre-petition sale by the Debtors of other patents and patent applications which netted the Debtors $100,000 (the "Pre-Petition Sale"). R&G also asserted that it held an unsecured claim in the amount of approximately $49,517.37 for allegedly unpaid corporate licensing work performed for Engage in 2003. Finally, R&G asserted, pursuant to 11 U.S.C. § 506(b), a secured claim of not less than $737.50 for fees and expenses paid to outside collection counsel prior to the Petition Date.

4. On May 20, 2004, the Bankruptcy Court entered the Order Confirming Debtors' Second Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code, Dated March 30, 2004 (the "Confirmation Order" and the "Plan," respectively). The Plan became effective on or about June 2, 2004. Pursuant to, *inter alia*, the Plan and the Confirmation Order, the

Liquidating Supervisor was charged with the responsibility, among other things, to commence and prosecute any and all objections to claims.

5. On August 4, 2004, the Liquidating Supervisor filed the Objection to the Secured Claim of Ropes & Gray LLP (the "Objection"), arguing, among other things, that (a) the Massachusetts attorney's lien statute did not apply to patents and patent applications; (b) R&G was not entitled to collection costs under 11 U.S.C. § 506(b)[3]; and (c) R&G had failed to document adequately its claim. In the Objection, the Liquidating Supervisor specifically argued that R&G's detailed time and billing records would be necessary in assessing, among other things, the reasonableness of R&G's claim for $63,538.82 in fees and expenses against the $100,000 proceeds from the Pre-Petition Sale, assuming that the Debtors retained any of those proceeds as of the Petition Date and that R&G could trace them. The Liquidating Supervisor also requested that the Bankruptcy Court order R&G to produce detailed time records before ruling on R&G's claim on an unsecured basis.

6. On September 17, 2004, the Liquidating Supervisor filed a Reply to the Response of Ropes & Gray LLP to the Objection in which the Liquidating Supervisor, among other things, again disputed that R&G held a secured claim and asserted that R&G's detailed time records were necessary to assess the reasonableness of R&G's fees. The Liquidating Supervisor further asserted that, to the extent it was asserting a secured claim, R&G had the burden of establishing how much of the consideration paid as part of the Section 363 Sale was allocable to the relevant patent and patent applications, and reiterated that, in the event that R&G was found to hold a secured claim, it was R&G's burden to trace the proceeds of the Pre-Petition Sale.

---

[3] R&G has since dropped its claim for collection costs.

7.  On September 21, 2004, the Bankruptcy Court held a hearing on the Objection. On the day before the hearing, R&G produced to counsel for the Liquidating Supervisor over 400 pages of time and billing records as support of its aggregate claim amount. According to these records, among other things, on or around October 18, 2002, R&G submitted a single invoice in the amount of $93,430.23 (representing approximately 58% of the total claim amount) for work allegedly performed over a ten month period, October 1, 2001 through July 31, 2002.

8.  On October 8, 2004, the Bankruptcy Court issued an Order and Memorandum of Decision sustaining the Liquidating Supervisor's Objection on two grounds (the "October 8 Order"). First, the Bankruptcy Court held that, under Massachusetts choice of law principles, Virginia's attorney's lien statute governed this dispute because the patent actions were filed in the United States Patent and Trademark Office which is located in Virginia, and that R&G did not hold a lien under the Virginia statute. The Bankruptcy Court ruled, in the alternative, that even if the Massachusetts attorney's lien statute governed, it did not apply to patent prosecution work because neither a patent nor a patent application constitute the requisite "judgment, decree or other order" under the plain language of the Massachusetts statute.

9.  The Bankruptcy Court did not determine the amount, if any, of the unsecured claim held by R&G. As will be reflected in the transcript of the September 21, 2004 hearing, the only issue then before the Bankruptcy Court was whether R&G's claim was secured. The parties have not yet joined issue on the extent to which R&G's aggregate claim amount is supported by the invoices and time records it has produced, and the Bankruptcy Court has not made any determination in that regard.

## ARGUMENT

### A. The October 8 Order Is Not A Final Order

10. The October 8 Order is not a final order under 28 U.S.C. § 158(a) even under the relaxed standard applicable in bankruptcy cases. "Finality is viewed more flexibly in the bankruptcy context than it is in other civil litigation contexts." *In re American Colonial Broad. Corp.*, 758 F.2d 794, 801 (1st Cir. 1985). This is because a myriad of discrete controversies involving different parties and issues may arise in the course of a protected bankruptcy case. As such, a "bankruptcy [court] order need not dispose of all aspects of a case in order to be final; an order disposing of a 'discrete dispute within the larger case' will be considered final and appealable." *Id.* (citing *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)). Relaxation of the finality doctrine is only appropriate, however, "on sufficient showing of 'special considerations'" that are unique to bankruptcy proceedings. *In re Harrington*, 992 F.2d 3, 5-6 (1st Cir. 1993) (stating that if appellate review was "available on demand whenever the district court definitively resolved a contested *legal issue*, without regard to whether the entire adversary proceeding had been resolved, the 'finality' rule would be eviscerated") (emphasis in original).

11. For an order to be final, it must "conclusively determine" the particular dispute. *American Colonial Broad.*, 758 F.2d at 801. Thus, a final order is "one which disposes of the whole subject, gives all the relief that was contemplated, provides with reasonable completeness, for giving effect to the judgment and leaves nothing to be done in the cause save superintend, ministerially, the execution of the decree." *Id.* (citing *City of Louisa v. Levi*, 140 F.2d 512, 514 (6th Cir. 1944)). In contrast, an order "which 'does not finally determine a cause of action but only decides some intervening matter pertaining to the cause, and which requires further steps to

be taken in order to enable the court to adjudicate the cause on the merits' is considered interlocutory." *Id.* (citations omitted).

12. The October 8 Order did not decide several pending disputes between R&G and the Liquidating Supervisor and it does not present any "special considerations" that are unique to bankruptcy proceedings. All that the Bankruptcy Court has determined so far is that R&G does not hold a secured claim; it did not even find that R&G holds an unsecured claim, much less in what amount. Thus, even applying the more flexible definition of finality employed in the bankruptcy context, the October 8 Order did not "conclusively determine" the discrete dispute between R&G and Liquidating Supervisor.

13. Acknowledging that the October 8 Order "might be regarded as interlocutory because the final amount of the claim, as an unsecured claim, has been objected to but not yet resolved by the Bankruptcy Court" (Protective Mot. ¶ 16), R&G relies on *In re Saco Local Dev. Corp.*, 711 F.2d 441 (1st Cir. 1983), in arguing that an order determining the priority of a claim is final, even when the amount of the claim has not yet been determined. (*Id.* at p.1, n.1.) R&G also asserts that it "is not aware of any actual dispute over the aggregate amount of R&G's claim, and therefore, as a practical matter, resolution of the underlying dispute would provide a final resolution of the claim." (*Id.*, at ¶ 19.) R&G is mistaken on both counts.

14. Under *Saco*, an order that does not set a precise damages figure is final only if it "merely leave[s] the court with ministerial or mechanical tasks concerning damages." 711 F.2d at 446. In *Saco*, the bankruptcy court had entered an order allowing a claim as a priority claim under 11 U.S.C. § 507(a)(4), but the total claim amount remained subject to reduction for amounts entitled to priority status under 11 U.S.C. § 507(a)(3). *See id.* at 443. In holding the order to be final, the Court of Appeals emphasized that once the claims entitled to priority under

section 507(a)(3) were determined, "setting the section 507(a)(4) figure w[ould] be purely mechanical." *Id.* at 446. Thus, the order left the claimant "with nothing more to do [other] than await the outcome of third-party litigation" which would determine the section 507(a)(3) amount. *Id.*

15.  *Saco's* rationale is inapplicable here. As discussed above, there are several unresolved issues between R&G and the Liquidating Supervisor, including, without limitation, those raised by the over 400 pages of records tendered by R&G the day before the September 21 hearing. Resolution of this and the other outstanding issues will require more than the "ministerial or mechanical tasks" contemplated by *Saco*.[4]

### B. The District Court Should Exercise Its Discretion And Hear An Appeal Of The Questions Presented By The October 8 Order

16.  The October 8 Order presents the following questions on appeal:

- Under Massachusetts choice of law principles, does the Virginia attorney's lien statute govern this dispute?

- If the Massachusetts attorney's lien statute governs this dispute, does it apply to patent prosecution work?

17.  Under 28 U.S.C. § 158(a)(3), a district court has the discretion to allow an appeal of a non-final bankruptcy court order which presents "a discrete and well-framed issue of law." *Stevens v. CSA, Inc.*, 271 B.R. 410, 413 (D. Mass. 2001); *see also In re Salem Suede, Inc.*, 221 B.R. 586, 597 (D. Mass. 1998) (exercising discretion under 11 U.S.C. § 158 to review "narrowly tailor[ed]" determinations of the bankruptcy court). Moreover, the discretion granted under 28

---

[4] The non-First Circuit authority cited by R&G is inapposite or distinguishable. *In re Stoecker*, 5 F.3d 1022, 1026-27 (7th Cir. 1993) (order setting priority and claim amount was final where remand (1) to attach supporting documentation to claim was "purely ministerial"; (2) to litigate claim for attorney's fees was "collateral matter"; and (3) to calculate post-petition interest was merely "arithmetical"); *In re J. Catton Farms, Inc.*, 779 F.2d 1242, 1250 (7th Cir. 1985) (order establishing priority *and* claim amount was final); *In re Rodriguez*, 272 B.R. 54, 57 (D. Conn. 2002) (order setting forth calculation for valuing security interest was final though ultimate claim amount depended on value of the debtor's property).

U.S.C. § 158 is greater than the discretion under 28 U.S.C. § 1292(b). *See Salem Suede*, 221 B.R. at 596. The Liquidating Supervisor does not object to the district court addressing the Bankruptcy Court's decision holding that Virginia's attorney's lien statute governs, and that, alternatively, the Massachusetts attorney's lien statute does not apply to patent proceedings.

18. This district court should not, however, grant R&G's motion in its entirety. R&G has attempted to present two additional issues, neither of which was decided by the Bankruptcy Court, concerning the alleged "extinguishment" of an attorney's lien as a result of a bankruptcy or non-bankruptcy sale of a patent application. (Protective Mot. ¶¶ 4-5.) R&G mischaracterizes the October 8 Order when it states that the Bankruptcy Court held that an "attorney's lien was effectively stripped away from pending patent applications when the Debtor sold those applications." (*Id.* ¶ 12.) Rather, the Bankruptcy Court stated that "an attorney's lien can only exist and become choate when all of the [statute's] elements are met," and held that neither patents nor patent applications satisfied the Massachusetts statute's elements. (October 8 Order ¶ 9.) Accordingly, it never reached the issue of what effect a sale of a patent application would have if an attorney's lien attached thereto. The district court should not address these novel issues in the first instance on appeal.

WHEREFORE, the Liquidating Supervisor respectfully requests that the Court enter an order granting (a) limited interlocutory review of the October 8 Order pursuant to 11 U.S.C. § 158(a)(3), confined to the two questions referenced in paragraph 16 above, and (b) granting such other and further relief as is just.

        Respectfully submitted,

        CRAIG R. JALBERT, LIQUIDATING
        SUPERVISOR OF ENGAGE, INC., *et al.*,

        By his attorneys,


          /s/ Euripides D. Dalmanieras
        Andrew Z. Schwartz (BBO #544653)
        Richard W. Benka (BBO # 37320)
        Euripides D. Dalmanieras (BBO #650985)
        FOLEY HOAG LLP
        Seaport World Trade Center West
        155 Seaport Boulevard
        Boston, MA 02210
        Tel.: (617) 832-1000
        Fax: (617) 832-7000
        *bctnotices@foleyhoag.com*

Dated: October 28, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* <br><br> ENGAGE, INC., *et al.,*[1] <br><br> Debtors. <br><br><br> ROPES & GRAY LLP <br><br> Appellant, <br><br> v. <br><br> CRAIG R. JALBERT, LIQUIDATING SUPERVISOR OF ENGAGE, INC., *et al.,* <br><br> Appellee. | Chapter 11 <br> Case Nos. 03-43655-JBR, *et al.* <br><br><br><br><br><br> Case No. 04-40225-DPW |

### CERTIFICATE OF SERVICE

     I, Elizabeth A. Amoroso, hereby certify that, on this the 8th day of November, 2004, I caused true and accurate copies of the following:

1. Counter-Statement Of The Liquidating Supervisor Of Issues That May Be Presented On Appeal And Statement That Appeal Is Not As Of Right; and

2. this Certificate of Service

to be delivered to:

D. Ross Martin, Esq.
Ropes & Gray
One International Place
Boston, MA 02110-2624

---

[1] The Debtors are the following entities: Engage, Inc., Media Bridge Technologies, Inc., AdSmart Corp., Flycast Communications Corp., Acknowledge, Inc., and Internet Profiles Corp.

- 2 -

Craig Jalbert
Verdolino & Lowey
124 Washington Street
Suite 101
Foxboro, MA 02035

by first class mail, postage prepaid.

                                                  /s/ Elizabeth A. Amoroso
                                                  Elizabeth A. Amoroso
                                                  Paralegal
                                                  FOLEY HOAG LLP
                                                  Seaport World Trade Center West
                                                  155 Seaport Boulevard
                                                  Boston, MA 02210
                                                  Tel.: (617) 832-1000
                                                  Fax: (617) 832-7000
                                                  bctnotices@foleyhoag.com

Dated: November 8, 2004