UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
In re:                                                :
                                                      :
                                                      :
                                                      :
ENGAGE INC., et al.,                                  :     Case Nos. 03-43655-JBR,
                                                      :                   et seq.
                                                      :
                   Debtors.         :     Chapter 11
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                      :
                                                      :
ROPES & GRAY LLP, Appellant                           :
                                                      :
                                                      :
                                                      :
                                                      :
         v.                                           :     Case No. 04-cv-40225-DPW
                                                      :
                                                      :
                                                      :
CRAIG J. JALBERT,                                     :
as Liquidating Supervisor,  Appellee                  :
                                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**REPLY OF ROPES & GRAY LLP TO (A) THE ANSWER OF THE LIQUIDATING SUPERVISOR [Bankruptcy Docket No. 626] AND (B) COUNTERSTATEMENT OF THE LIQUIDATING SUPERVISOR OF ISSUES THAT MAY BE PRESENTED ON APPEAL <u>AND STATEMENT THAT APPEAL IS NOT AS OF RIGHT [Docket No. 2]</u>**

Ropes & Gray LLP ("R&G"), a creditor and party in interest herein, hereby submits this

reply (the "Reply") to the "Answer of the Liquidating Supervisor to the Protective Motion of

Ropes & Gray LLP Under 28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003 for Leave to File

Interlocutory Appeal" (the "Answer").  Despite the Liquidating Trustee's argument to the

contrary, all of the issues raised by R&G in the "Protective Motion of Ropes & Gray LLP Under

28 U.S.C. § 158(a)(3) and Bankruptcy Rule 8003 for Leave to File Interlocutory Appeal" (the

"Motion") were decided by the Bankruptcy Court and therefore are proper for appeal.  In further

support, R&G states as follows:

## Statement of Facts

1.  In the Answer, the Liquidating Supervisor concedes that two questions from the case

below are ripe for appeal, but argues that two other questions raised by R&G were not decided

by the Bankruptcy Court and therefore should not be considered by this Court.  The two disputed

questions are:

> Question 3:  As a matter of Massachusetts statutory or common law, when a
> Massachusetts attorney has a lien on a particular cause of action or administrative
> proceeding, and the action or administrative rights are sold during the pendency
> of such action or proceeding (e.g., the sale of a receivable during a collection
> action or sale of a patent application), is the attorney's lien extinguished or does it
> attach to the proceeds of the sale?

> Question 4:  As a matter of federal bankruptcy law, when a Massachusetts
> attorney has a lien on a particular cause of action or administrative proceeding,
> and the action or administrative rights are sold pursuant to a bankruptcy court
> order that specifically provided that liens attach to the proceeds of the sale, is the
> attorney's lien extinguished by the sale or does it attach to the proceeds of the
> sale?

## Final Order

2.  At the outset, R&G reiterates that the order below is a final order because the

Bankruptcy Court held conclusively, albeit erroneously, that R&G did not have a secured claim.

R&G filed its notice of appeal on that basis, and paid the full filing fee.  In anticipation of some

argument by the liquidating supervisor over appealibility, R&G filed its protective motion for

interlocutory appeal, to expedite matters and reduce procedural complexity.  Currently, the

Liquidating Supervisor has filed a "Counter-Statement of the Liquidating Supervisor of Issues

that May be Presented on Appeal and Statement That Appeal is Not as of Right," but has not

filed a motion to dismiss.  Consequently, this court should proceed apace with this appeal as

filed.

The Questions are Proper for Appeal

3.  For some reason, the Liquidating Supervisor seeks to delay resolution of this relatively

simple litigation by asking this Court not to address the effects of actual pre- and post-petition

bankruptcy sales of a cause of action on which R&G asserts a lien.  In fact, the issue of pre- and

post-petition sales of the patents and patent applications on R&G's lien was presented to the

Bankruptcy Court in the parties' briefs.  The Bankruptcy Court considered and decided these

issues in its Order.  Specifically, the proper interpretation of the phrase "proceeds derived

therefrom" in Mass. Gen. Laws, chapter 221 § 50 (the "Massachusetts Attorney's Lien Statute")

was briefed and decided.  Further, the issue of whether events, such as intervening sales, can

cause an attorney's lien to become choate was also presented to and decided by the Court.  Both

of these issues relate directly and inextricably to the effect that sales of patents and patent

applications have on an attorney's lien that has attached to such patents or applications.

Therefore, such issues are proper for appeal.

4.  Turning to the language of the Bankruptcy Court's Order, it is clear that the Court

considered and decided these issues.  The Bankruptcy Court addresses R&G's disagreement with

the dictum in *In re Leading Edge Prods. Inc.*, 121 B.R. 128 (Bankr. D. Mass. 1990), holding that

the *Leading Edge* court's statements regarding the proper interpretation of the Massachusetts

Attorney's Lien Statute were not just dictum, and agreeing with the proposition stated by the

*Leading Edge* court.  Therefore the Bankruptcy Court explicitly held that the phrase in the

Massachusetts Attorney's Lien Statute "proceeds derived therefrom" modifies only "judgment,

decree or other order" and not "cause of action, claim or counterclaim."  Combining this

interpretation of the statute with the Bankruptcy Court's additional holding that a patent is not a

"judgment, decree or other order," the Bankruptcy Court has interpreted the Massachusetts

Attorney's Lien Statue in such a way that a sale of a patent or patent application necessarily

extinguishes an attorney's lien, contrary to one of R&G's central arguments.

5.  The Bankruptcy Court also addresses R&G's argument regarding the effects of a post-

bankruptcy sale.  The Bankruptcy Court itself said that "[R&G] urges, however, that Section 363

of the Bankruptcy Code permits the sale of its property free and clear of the attorney's lien in

exchange for a lien on the proceeds."  The Bankruptcy Court then expressly dealt with this by

holding (erroneously) that the sale of a patent would not make an attorney's lien choate, and

reiterating its holding that an inchoate lien can become choate only from an "judgment, decree or

other order."  Again, the Court considered and disagreed with one of R&G's central arguments.

6.  The Liquidating Supervisor's assertion that these issues were not decided by the

Bankruptcy Court is tantamount to arguing that simply because the Bankruptcy Court agreed

with the Liquidating Supervisor's framing and ultimate resolution of the issues, it did not decide

the issues as articulated by R&G.  It is true that the Bankruptcy Court chose ultimately to rest its

holding on a narrow interpretation of the Massachusetts Attorney's Lien Statute, and specifically

the narrow meaning the Court attributes to "judgment, decree or other order," just as the

Liquidating Supervisor urged in his brief.  This ultimate holding, however, does not indicate that

the Bankruptcy Court failed to consider and decide the sale issues.  On the contrary, the clear

language of the Order indicates that the Bankruptcy Court considered and ultimately rejected

R&G's arguments regarding the effect of a sale on an attorney's lien.  Accordingly, because

these issues were presented, considered, and decided, they are appropriate for appeal.  To hold

otherwise would be to eviscerate the very purpose of taking an appeal.

- 5 -

7.  The interests of judicial efficiency also dictate that that this Court hear all four of the questions presented for appeal.  Assuming that this Court chose to take only the first two questions, and assuming that both were decided in R&G's favor, the case would then remand to the Bankruptcy  Court with instructions that Massachusetts Law governs and that the Massachusetts Attorney's Lien Statute applies in the patent context.  It is likely that the Liquidating Supervisor would then renew his arguments that the sales of the patents and patent applications extinguished any lien R&G held in the such patents and applications.  If the Bankruptcy Court continues to adhere to the holding expressed in the Order, this issue will be decided against R&G, and R&G will then be forced to take another appeal to this Court.  Given that the sale issues have been fully briefed by the parties and then considered and decided by the Bankruptcy Court, such issues are ripe for appeal, and this Court's refusal to hear such issues would simply prolong the case.

WHEREFORE, R&G respectfully requests the District Court to enter an order (i) granting leave to appeal the Order in its entirety, and (ii) granting such other and further relief as it deems just and proper.


Dated:  November 9, 2004.                          ROPES & GRAY LLP

                                                   __/s/  Stephen Moeller-Sally_____
                                                   D. Ross Martin (BBO #629853)
                                                   Stephen Moeller-Sally (BBO # 652383)
                                                   ROPES & GRAY LLP
                                                   One International Place
                                                   Boston, Massachusetts  02110
                                                   Telephone:  617 951 7000
                                                   Telecopier:  617 951 7050