UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re* <br><br> ENGAGE, INC., *et al.,* Debtors. <br><br>――――――――――――――――――― <br><br> ROPES & GRAY LLP, <br><br> Appellant, <br><br> v. <br><br> CRAIG R. JALBERT, LIQUIDATING SUPERVISOR OF ENGAGE, INC., <br><br> Appellee. | Case No. 04-40225-DPW |

## MOTION TO AMEND OR CLARIFY PROCEDURAL ORDER

### Introduction

This motion seeks clarification of the issues properly before the Court. Appellee Craig R. Jalbert, the Liquidating Supervisor of Engage, Inc. and five of its wholly-owned domestic subsidiaries (the "Liquidating Supervisor"), hereby moves that the Procedural Order entered on November 16, 2004 be amended or clarified to specify that Questions 3 and 4, as set forth in various papers filed by Appellant Ropes & Gray LLP ("R&G"), are not properly before this Court and should not be briefed, even if this Court permits an interlocutory appeal of Questions 1 and 2.[1] As discussed in detail below, Questions 3 and 4 were not decided by the Bankruptcy Court; will not be reached unless the Bankruptcy Court is reversed by this Court on both

---

[1] The Liquidating Supervisor has not objected to this Court granting leave for R&G to appeal the Bankruptcy Court's October 8, 2004 interlocutory decision on the "choice of law" question and the "applicability of the Massachusetts lien statute to patent" question. The Liquidating Supervisor does believe that Questions 1 and 2 as framed by R&G are "loaded" and not fairly stated, and uses the terms "Question 1" and "Question 2" simply as shorthand for the "choice of law" and "Massachusetts lien statute" questions.

Questions 1 and 2; and should be decided in the first instance by the Bankruptcy Court on a full record if it should happen that this Court reverses the Bankruptcy Court on both Questions 1 and 2.

The efforts to frame the questions began on October 18, 2004 when R&G filed, in the Bankruptcy Court, the "Protective Motion of Ropes & Gray LLP Under 28 U.S.C. § 158(a)(3) And Bankruptcy Rule 8003 For Leave to File Interlocutory Appeal" ("Motion for Interlocutory Appeal") along with a Notice of Appeal (which is required by Bankruptcy Rule 8001(b) to be filed with a motion to appeal an interlocutory order).[2] On October 28, 2004, the Liquidating Supervisor filed in the Bankruptcy Court the Liquidating Supervisor's Answer to R&G's Motion for Interlocutory Appeal, stating that R&G could not appeal as of right; that this Court could properly hear Questions 1 and 2 in the exercise of its discretion; but that Questions 3 and 4 had not been decided by the Bankruptcy Court and thus should not be addressed by this Court in the first instance. The Motion for Interlocutory Appeal and the Liquidating Supervisor's Answer are attached hereto as Attachments A and B, respectively.[3]

Although R&G's Notice of Appeal was transmitted to this Court and filed on October 29, 2004, it appears that R&G's Motion for Interlocutory Appeal and the Liquidating Supervisor's Answer were not transmitted to and docketed in this Court (although R&G's reply to the Liquidating Supervisor's Answer was filed as Docket Item #3 on November 9, 2004). Thus, the

---

[2] In its "Protective Motion," R&G took the position that it was entitled to appeal the Bankruptcy Court's October 8, 2004 Order as a "final order" under 28 U.S.C. § 158(a)(1). That assertion is palpably incorrect, as explained in the "Answer of the Liquidating Supervisor to the 'Protective Motion of Ropes & Gray LLP Under 28 U.S.C. § 158(a)(3) And Bankruptcy Rule 8003 For Leave to File Interlocutory Appeal" ("Liquidating Supervisor's Answer"), attached hereto as Attachment B. Given that the Bankruptcy Court's October 8, 2004 Order is not appealable as of right, the Liquidating Supervisor has reserved his right to move to dismiss this appeal. The Liquidating Supervisor has not filed such a motion pending this Court's determination of R&G's motion for leave to pursue an interlocutory appeal.

[3] The issue of the questions which are properly before this Court was also raised by the Liquidating Supervisor in Docket Item #2 filed on November 8, 2004, the "Counter Statement Of The Liquidating Supervisor Of Issues That May Be Presented On Appeal And Statement That Appeal Is Not As of Right."

R&G motion which presents the issue of whether this Court will hear this appeal and, if so, on what issues, has not yet been decided. In the absence of a decision permitting an interlocutory appeal and defining its scope, R&G on November 15, 2004 filed a brief which addressed not only Questions 1 and 2, but also Questions 3 and 4. (Docket Item #6). On the following day, this Court entered its November 16, 2004 Procedural Order, without specifically granting leave to appeal or defining the scope of the appeal.[4]

## Discussion

Questions 3 and 4 raise the question of whether an attorney's lien -- if one exists -- is "extinguished" by a sale prior to the filing of a bankruptcy petition (Question 3) or by a sale (which took place under Section 363 of the Bankruptcy Code) after the filing of a bankruptcy petition (Question 4).[5] Both Question 3 and Question 4 are hypothetical, for the Bankruptcy Court found that R&G did not have an attorney's lien on patents and patent applications in the first place. More specifically, the Bankruptcy Court first found that Virginia law applied and did

---

[4] As noted above, although the Liquidating Supervisor has not opposed a discretionary interlocutory appeal of Questions 1 and 2, this Court has not acted on the Motion for Interlocutory Appeal and granted leave to appeal even those questions. Events may ultimately moot even Questions 1 and 2. The existence of an attorney's lien would mean that R&G had a secured claim as opposed to an unsecured claim (the amount of which has not yet been determined), but adversary proceedings on behalf of the Debtors pending in the Bankruptcy Court could yield sufficient net proceeds to pay all unsecured claims in full.

[5] Question 3 as posed by R&G is: "As a matter of Massachusetts statutory or common law, when a Massachusetts attorney has a lien on a particular cause of action or administrative proceeding, and the action or administrative rights are sold during the pendency of such action or proceeding (e.g., the sale of a receivable during a collection action or sale of a patent application), is the attorney's lien extinguished or does it attach to the proceeds of the sale?"

Question 4 as posed by R&G is: "As a matter of federal bankruptcy law, when a Massachusetts attorney has a lien on a particular cause of action or administrative proceeding, and the action or administrative rights are sold pursuant to a bankruptcy court order that specifically provided that liens attach to the proceeds of the sale, is the attorney's lien extinguished by the sale or does it attach to the proceeds of the sale?"

The questions are set forth on page 2 of Docket Item #3, the "Reply of Ropes & Gray LLP to (A) Answer of the Liquidating Supervisor [Bankruptcy Docket #626] and (B) Counterstatement of the Liquidating Supervisor of Issues that May be Presented on Appeal and Statement that Appeal is Not as of Right [Docket #2]," and on page 2 of Docket Item #6, the "Brief of Appellants" filed on November 15, 2004.

not by its terms encompass patents and patent applications. *See* Memorandum of Decision, at pp. 3-6, attached to Docket Item #1, Notice of Appeal. R&G seeks to appeal this determination as its Question 1. As an alternative holding, the Bankruptcy Court also found that, even if Massachusetts law applied, R&G would not have an attorney's lien on patents and patent applications under the Massachusetts attorney's lien statute. *See id.* at pp. 7-12. R&G seeks to appeal this determination as Question 2.

Although the Bankruptcy Court mentioned Section 363 in connection with a R&G argument that "inchoate" liens can become "choate" in certain circumstances under the Bankruptcy Code, *id.* at 9, the court expressly rejected the existence of a lien on patents and patent applications. Thus, it rejected the fundamental premise of Questions 3 and 4 ("when a Massachusetts attorney has a lien") and never traced through the effects of either a pre-petition sale under "Massachusetts statutory or common law" (Question 3) or a post-petition sale under the Bankruptcy Code (Question 4).

Although the Bankruptcy Court did not enter a final order appealable as of right under 28 U.S.C. § 158(a)(1), the Liquidating Supervisor does not oppose this Court granting a discretionary interlocutory appeal under 28 U.S.C. § 158(a)(3) of the two issues actually addressed by the Bankruptcy Court. In connection with Questions 3 and 4, however, R&G seeks to argue issues not considered by the Bankruptcy Court, such as whether there is a distinction under Massachusetts law between a sale and a settlement of a cause of action, *see* Docket Item #6, at p. 24-25 (Brief of Appellant); whether there is a distinction between the sale of patents and the sale of patent applications, *see id.* at 25; the application of Sections 101, 361, 363 and 506 of the Bankruptcy Code to a post-petition sale, *see id.* at 25-26, 27-28; and even the interpretation of the Bankruptcy Court's own order approving the post-petition sale, *see id.* at 26-27.

interpretation of the Bankruptcy Court's own order approving the post-petition sale, *see id.* at 26-27.

All of the issues implicated by Questions 3 and 4 will, moreover, never have to be reached unless this Court reverses the Bankruptcy Court on both Question 1 and Question 2. This Court should not grant R&G leave to appeal issues which (a) were not even considered, much less decided, by the Bankruptcy Court and (b) may never have to be decided by any court. The parties' briefing should, if the Court permits any appeal, be limited to Questions 1 and 2 and to the potential certification of these two questions to the Massachusetts Supreme Judicial Court, which the Liquidating Supervisor opposes.[6]

Consistent with the other relief requested herein, the Liquidating Supervisor also requests that the date for filing of Appellant's brief (in a form complying with this Court's Procedural Order as it may be amended[7]) be extended to the later of December 7, 2004 or 10 days after this Court clarifies the questions, if any, it wishes to have briefed; the date for filing of Appellee's brief be extended to the later of December 21, 2004 or 14 days after Appellant's brief is due; and the date for filing of Appellant's reply brief be extended to the later of January 4, 2005 or 14 days after Appellee's brief is due.

WHEREFORE, the Liquidating Supervisor requests that this Court enter an order (a) modifying and/or clarifying the November 16, 2004 Procedural Order as set forth above, and (b) extending the dates for the filing of briefs as set forth above.

---

[6] The Liquidating Supervisor is this day filing its formal "Opposition to Motion for Order Certifying Questions of Law to the Massachusetts Supreme Judicial Court" and will, consistent with the November 16, 2004 Procedural Order, brief the issue of certification in Appellee's Brief.

[7] Although R&G filed its "Brief of Appellants" on November 15, 2004, that was prior to this Court's Procedural Order of November 16, 2004. Appellant's Brief should be refiled in a form addressing only Questions 1 and 2 in the event this motion is granted, including the issue of certification of such questions to the Massachusetts Supreme Judicial Court.

Respectfully submitted,

CRAIG R. JALBERT, LIQUIDATING
SUPERVISOR OF ENGAGE, INC.,

By his attorneys,

  /s/  Richard W. Benka
Andrew Z. Schwartz (BBO #544653)
Richard W. Benka (BBO # 37320)
Euripides D. Dalmanieras (BBO #650985)
FOLEY HOAG LLP
Seaport World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel.: (617) 832-1000
Fax: (617) 832-7000
*bctnotices@foleyhoag.com*

Dated: November 18, 2004